**AFFIRMED and Opinion Filed May 31, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-01058-CV

**HHT LIMITED COMPANY AND MICHAEL MALONE, JR., Appellants**

**V.**

**NATIONWIDE RECOVERY SYSTEMS, LTD., Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-02858-07**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and Murphy
Opinion by Justice Moseley

HHT Limited Company and Michael Malone, Jr., appeal the trial court's final judgment awarding damages to Nationwide Recovery Systems, Ltd. following a jury trial. In a single issue, appellants argue the trial court erred by admitting evidence regarding damages and that the evidence is legally insufficient to support the damages found by the jury. The background of the case and the evidence adduced at trial are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

Nationwide is a commercial debt collector. HHT is one of its competitors. Malone was employed by Nationwide, but resigned and began working for HHT. Shortly after, Malone solicited Robert Rhodes, a Nationwide debt collector, to leave Nationwide to work for HHT. HHT recruited two other Nationwide employees, Logan Graff and Justin Simcoe, to leave

Nationwide and work for HHT. After Graff and Simcoe started working for HHT, they began calling on customers they had previously done business with at Nationwide.

Nationwide sued HHT and Malone for tortious interference with existing contract, and conspiracy to tortiously interfere with existing contracts. It also sued Malone for breach of his employment agreement. Nationwide sought to recover lost profit damages based on the revenue it lost as a result of losing three experienced employees. It presented evidence that it takes two years to replace an experienced collector and that its net profit margin on revenues is approximately twenty percent. The jury returned a verdict in favor of Nationwide and awarded Nationwide damages; the trial court rendered judgment based on the jury's verdict. The trial court denied appellants' motion for judgment notwithstanding the verdict and motion for new trial. This appeal followed.

Although appellants' issue states the trial court erred by admitting exhibits 23, 24, and 25, their appellate brief mentions only a trial objection that exhibits 23 and 24 used an illegal accounting method and an unrecorded trial objection to exhibit 25. Exhibits 23 and 24 are merely summaries of the revenue generated from clients served by two of the employees solicited by HHT for the year prior to and the year after the employees left Nationwide. Appellants do not explain how these business records are based on illegal or improper accounting methods or why that would render them inadmissible if they were. We conclude the trial court did not abuse its discretion by overruling the objection. *See City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995) (admission of evidence reviewed for abuse of discretion).

Exhibit 25 is a summary of the revenue generated by another Nationwide employee for the year before he left and went to work for HHT. The specific objection to exhibit 25 is not recorded in the record and thus is not preserved for appeal. *See* Tex. R. App. P. 33.1(a) (record

must show timely, specific objection and ruling to preserve error for appeal); Tex. R. Evid. 103(a)(1) (timely objection must appear of record stating specific ground of objection); *Christus Health Se. Texas v. Wilson*, 305 S.W.3d 392, 402 (Tex. App.—Eastland 2010, no pet.); *Warrantech Corp. v. Computer Adapters Servs., Inc.*, 134 S.W.3d 516, 529 (Tex. App.—Fort Worth 2004, pet. dismissed) (unrecorded bench conference does not preserve error).

The main focus of appellants' argument is the legal sufficiency of the evidence of lost profits damages. Specifically, appellants contend the damage evidence was speculative because it does not account for expenses, Nationwide did not show lost profits as one calculation, and the evidence did not show actual future contracts to support lost profits.

We review a legal sufficiency challenge by reviewing the evidence in the light most favorable to the jury's verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 323 (Tex. 2005). Recovery of lost profits does not require that the loss be susceptible of exact calculation. *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 876 (Tex. 2010) (quoting *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 84 (Tex. 1992)). However, the injured party must do more than show that they suffered some lost profits. *Id.* The loss must be shown with reasonable certainty. *Id.* At a minimum, opinions or estimates of lost profits must be based on objective facts, figures, or data from which the amount of lost profits can be ascertained. *Id.* There are several methods of calculating lost profits, but once a party has chosen a particular method for measuring lost profits, it must provide a complete calculation. *Holt Atherton*, 835 S.W.2d at 85. Recovery of lost profits must be predicated on one complete calculation. *Id.*

The record indicates Nationwide is an established business with over twenty years' experience in the collections industry. Chris Mathews, Nationwide's president, testified that the

industry norm for net profit was twenty percent. The prior year, Nationwide's net profit margin was twenty-six percent. Nationwide sought lost profits calculated using the twenty-percent net profit margin. Mathews explained that this figure is the revenue generated from collection accounts after deducting expenses. Nationwide's expenses include salaries, telephone, postage, and rent.

Nationwide used exhibits 23, 24, and 25 to summarize the revenues lost for each of the employees solicited away by appellants. Nationwide then applied the twenty-percent net profit margin to the lost revenue to calculate the lost profits for one year. Based on evidence that it takes two years to train a replacement for an experienced collector and that Nationwide normally retains its clients for at least two years, Nationwide multiplied the lost profits calculated by two to estimate its lost profits for two years.

As president, Mathews had the requisite management position relating to the profits of the business to testify as an owner. An owner or qualified officer is competent to testify to a business's estimated profit margin for evidence of lost profits. *See ERI Consulting*, 318 S.W.3d at 876 (stating that long-time co-owner of company was competent to testify about company's estimated net profit margin); *Reid Rd. Mun. Util. Dist. No. 2 v. Speedy Stop Food Stores, Ltd.*, 337 S.W.3d 846, 854–55 (Tex. 2011) (owner of property, including an officer in a management position relating to the property, may testify about the value of the property even if not an expert).[1]

Thus there is evidence that Nationwide deducted expenses by using the net profit margin as Mathews explained and Nationwide's evidence shows it used a single complete calculation of

---

[1] Appellants complain on appeal that one of Nationwide's witnesses, Steve McWhorter, who testified about exhibit 25 was not an expert about lost profits. McWorter, a vice president and twenty-five year employee of Nationwide, was qualified to testify about profits. *See Reid Rd. Mun.*, 337 S.W.3d at 854–55. In any event, Mathews was qualified to testify about the net profit margin even though he was not an expert. *Id.*

lost profits. Nationwide used objective data from its business records to support its revenue estimates and applied the net profit margin to determine lost profits. Nationwide also presented evidence supporting its claim for two years of lost profits. After reviewing the evidence in the record, we conclude the evidence is legally sufficient to support the jury's damage findings. *See ERI Consulting*, 318 S.W.3d at 877 (establishing lost revenue with comparative evidence from recent time period, and establishing profit margin on that revenue by competent testimony of owner was legally adequate method of proving lost profits); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 505 (Tex. 2001) ("[O]ur focus is on whether damages can be shown with reasonable certainty. This can be accomplished with a profit history *or* some other objective data, such as future contracts, from which lost profits can be calculated with reasonable certainty." (citations omitted)).

We conclude the trial court did not abuse its discretion in ruling on the evidence objection and that the evidence is legally sufficient to support the jury's findings on damages. We overrule appellants' sole issue. We affirm the trial court's judgment.


/Jim Moseley/
JIM MOSELEY
JUSTICE

111058F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

HHT Limited Company and Michael
Malone, Jr., Appellants

No. 05-11-01058-CV      V.

Nationwide Recovery Systems, Ltd.,
Appellee

On Appeal from the 219th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 219-02858-07.
Opinion delivered by Justice Moseley.
Justices O'Neill and Murphy participating.


In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Nationwide Recovery Systems, Ltd. recover its costs of this appeal from appellants HHT Limited Company and Michael Malone, Jr.


Judgment entered this 31st day of May, 2013.


/Jim Moseley/
JIM MOSELEY
JUSTICE